**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cramer, | No. CV-25-04258-PHX-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

The first filing in this case purports to have been filed by Paris Lene Cramer as an attorney "in-fact". (Doc. 1 at 1). However, Paris Lene Cramer is not an attorney admitted to practice in this jurisdiction. Nonetheless, Document 1 was signed by David Cramer (Doc. 1 at 6), and David Cramer is the named Plaintiff; as a result, the Clerk's office accepted and filed Document 1 as a "pro se" filing notwithstanding the untrue attorney name on page 1.

The filing at Document 1 is entitled, "Court Article III. Federal Recognition and Enforcement under 28 U.S.C. § 1738. Assigned to the Honorable Jennifer Zipps (Chief Judge)." (Doc. 1 at 1). Federal Rule of Civil Procedure 3 states "A civil action is commenced by filing a complaint with the court." The Clerk of the Court, upon receiving Document 1, liberally construed it as a "complaint" and commenced an action. However, upon this Court's review, it is not a "complaint" and therefore fails to comply with Rule 3.

As of today, the Court has received a request for an "exemplification certificate" of Document 1 (four separate exemplification certificates of Document 1 are requested). The

1    Clerk of the Court, using AO Form 132 has sent the exemplification certificates to the
2    undersigned to sign. In the description of the document being exemplified, the description
3    states "Prisoner Civil Rights Complaint, Document 1, CV 25-4258-PHX-JAT-ESW." This
4    description has given the Court great concern.

5    Specifically, as stated above, Plaintiff did not call the filing at Document 1 a
6    "complaint" so to summarize it as such in an exemplification certificate is misleading.
7    Moreover, the exemplification certificate does not advise anyone who might receive it that
8    Document 1 is 31 pages long, and that beginning at page 8, Document 1 is unauthenticated
9    attachments purporting to be from other Courts. This Court, of course, cannot authenticate
10   those attachments as accurate copies of the records of those other Courts.

11   Plaintiff David Cramer has previously orchestrated a release from prison using
12   falsified court records.[1] Federal Rule of Civil Procedure 12(f) allows the Court to strike a
13   document if the Court record is being used for an impertinent or scandalous reason. Here,
14   the Court finds Document 1 is both impertinent and scandalous. First, although Mr. Cramer
15   knows how to correctly file a "complaint" – as he did in CV 13-646-RCB-SPL – he elected
16   to call Document 1 in this case "Court Article III. Federal Recognition and Enforcement
17   under 28 U.S.C. § 1738. Assigned to the Honorable Jennifer Zipps (Chief Judge)"
18   seemingly intentionally giving it a misleading title. There has been no "federal
19   recognition" or "enforcement" under any federal statute. Further, this case is not assigned
20   to the Chief Judge.

21   Second, and even more concerning is that 28 U.S.C. § 1738 explains that
22   authenticated judicial records must be given full faith and credit in other jurisdictions.
23   Here, Plaintiff attached what appears to be the fake release order that tricked the department
24   of corrections into releasing him (*see* footnote 1 herein) to Document 1 in this case. (Doc.
25   1 at 25). Plaintiff is now trying to use the "exemplification certificate" process to get this
26   Court to "authenticate" that fake release order as part of Document 1 while coupling it with

---

[1] https://corrections.az.gov/news/successful-apprehension-david-cramer-124771#:~:text=ADCRR%20became%20aware%20that%20inmate,been%20determined%20to%20be%20falsified. (last visited December 2, 2025).

1  a mistitled caption suggesting that such fake order of the superior court is being given full
2  faith and credit.  Taken as a whole, Document 1 in its entirety is impertinent and
3  scandalous, and will accordingly be stricken.  Further, once stricken, it is no longer in the
4  record of this Court and therefore is not eligible for an exemplification certificate.

   Thus, based on the foregoing,

   **IT IS ORDERED** that Document 1 is stricken from the record in this case.  Because there is no complaint that complies with Federal Rule of Civil Procedure 3, the Clerk of the Court shall close this case.

   **IT IS FURTHER ORDERED** that because the Court has concluded that this case was never properly commenced under Rule 3, the Court does not believe a judgment is required.  However, to the extent a judgment is required, this Order shall serve as the judgment in this case.

   **IT IS FINALLY ORDERED** that the exemplification certificates forwarded to the undersigned for Document 1 will be returned to the Clerk of the Court unsigned because Document 1 is no longer in the record of this case and cannot be authenticated.

   Dated this 3rd day of December, 2025.

   James A. Teilborg
   Senior United States District Judge