**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cramer, | No. CV-25-04258-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

On December 3, 2025, this Court struck the first filing in this case finding it was not a "complaint" under Federal Rule of Civil Procedure 3. (Doc. 5). Because there was no qualifying complaint, this "case" should never have been opened; therefore, it was closed. (*Id.*).

On January 23, 2026, Plaintiff David Cramer[1] filed a motion to reopen this case under Federal Rule of Civil Procedure 60(b). (Doc. 6). Plaintiff argues he should have had an opportunity to correct his complaint before dismissal and lodged a proposed amended complaint. (Docs. 6-7).

While in certain circumstances the Court of Appeals has held that the district court should give a plaintiff leave to amend if the deficiencies in the complaint could possibly be cured by amendment,[2] that holding does not apply here. That holding does not apply because, in this case, Plaintiff did not file a deficient "complaint", he filed something that

---

[1] As noted in the Order at Doc. 5, originally this case was filed by a non-attorney claiming to be an "attorney in fact."

[2] *See, e.g., Akhtar v. Mesa,* 698 F.3d 1202, 1212–1213 (9th Cir. 2012).

was not a "complaint" at all. Thus, there was nothing to amend.

As stated in the Order at Doc. 5, what Plaintiff (through his "attorney in fact") filed was a ruse to attempt to get this Court to authenticate (via an exemplification) what appeared to be forged orders from the Maricopa County Superior Court. Thus, what was filed at Doc. 1 did not seek any relief. It was just a vessel to which to attach the Superior Court "orders" and then seek an exemplification of those "orders" as if they had been recognized as valid by this Court.

Again, as stated in Doc. 5, this Court cannot authenticate documents of other courts, even if they were real. Any such authentication must be done by the issuing court for the very reason at issue in this case – namely, that this Court has no way of knowing if the documents purporting to be from the Maricopa County Superior Court are real or fabricated.

Even in his Rule 60 motion, Plaintiff continues to seek this "relief". (Doc. 6 stating "The dismissal [in this case] prevents the enforcement of a final State Order."). This Court does not "enforce" orders of other courts. The correct forum to seek such enforcement is the issuing court. Accordingly, even if Doc. 1 had been a complaint that was subject to amendment, any amendment would be futile because this Court does not enforce or authenticate orders of other courts – which is what Plaintiff seeks. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) (noting that futility alone justifies denying leave to amend).

Thus, based on the foregoing,

**IT IS ORDERED** that the motion to reopen this case (Doc. 6) is denied.

Dated this 11th day of February, 2026.

James A. Teilborg
Senior United States District Judge